**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-61628-Civ-SCOLA**

ACHIEVEMENT &
REHABILITATION
CENTERS, INC.,

      Plaintiff,

vs.

CITY OF LAUDERHILL,

      Defendant.

_____/

## ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

THIS MATTER is before the Court upon the Motion to Strike Affirmative Defenses [ECF No. 14], filed by Plaintiff Achievement & Rehabilitation Centers, Inc. ("ARC").  ARC moves to strike 18 of the 30 affirmative defenses asserted by Defendant City of Lauderhill (the "City").  The City has withdrawn 6 of the challenged affirmative defenses, and ARC has in turn withdrawn its challenge to 5 others, leaving 7 defenses at issue.  For the reasons explained below, the Motion to Strike is granted in part and denied in part.

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Affirmative defenses should be stricken where "they fail to recite more than bare-bones conclusory allegations" or are clearly "insufficient as a matter of law." *See Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007) (Torres, J.).  Motions to strike are not favored, however, and are "regularly 'denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'"  *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech.*, 744 F. Supp. 2d 1305, 1309 (S.D. Fla. 2010) (Altonaga, J.) (citation omitted).  In the end, the decision to strike a pleading is committed to the district court's "broad discretion."  *Porcelanas Florencia, S.A. v. Carribean Resort Suppliers, Inc.*, 2007 WL 171590, at *1 (S.D. Fla. Jan. 18, 2007) (Cooke, J.).

There is no basis to strike affirmative defenses 3 (estoppel), 8 (standing), and 13 through 15 (animus of public decision-makers and non-discriminatory justifications). These defenses are not "patently frivolous or clearly invalid as a matter of law. They each at least raise substantial questions of law better decided after factual development." *See Smith v. Beasley*, 2011 WL 3961823, at *3 (M.D. Fla. Sept. 8, 2011) (Toomey, J.). The extent to which these defenses are viable or not is best decided in another setting. Motions to strike should not be used to obtain a summary adjudication on the merits; the Federal Rules provide other mechanisms for achieving such ends. *See, e.g.*, *Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, at *5 (M.D. Fla. July 21, 2011) (Richardson, J.). Also, to the extent any of these defenses are more in the nature of a general denial than an affirmative defense, the proper course is to treat them as such, rather than to strike them, unless it would prejudice the plaintiff. *See, e.g.*, *Smith v. Beasley*, 2011 WL 3961823, at *3 (M.D. Fla. Sept. 8, 2011) (Toomey, J.); *Zeron v. C & C Drywall Corp.*, 2009 WL 2461771, at *2 (S.D. Fla. Aug. 10, 2009) (Cohn, J.). ARC has identified no prejudice it will be forced to endure, should the defenses remain. In fact, prejudice plays no role at all in its argument to strike.

Affirmative defense number 26 (no money damages under ADA) appears to largely fall into the same category as above in that the Court cannot say, on the basis of the present record, that it is "patently frivolous or clearly invalid as a matter of law." *See Smith*, 2011 WL 3961823, at *3. The City, however, has conceded that the defense, as worded, is "somewhat broader than was intended," and that it really is meant to apply only to ARC's attempt to collect damages for lost profits. Resp. at 10. As such, the City requests leave to more clearly state this defense, and the Court will allow it.

In affirmative defense 30, the City attempts to reserve "the right to plead other defenses, affirmative or otherwise, which may become known during its continuing investigation, and during discovery in this action." City's Answer at 14. This type of boilerplate reservation of rights clause is commonly included in responsive pleadings in case the defendant has forgotten something or the dispute changes through the course of discovery, such that additional defenses become merited as the case progresses. As several courts have recognized, however, this language "does not constitute an affirmative defense because it does not respond to the initial complaint or raise facts which negate Plaintiff's claims." *See, e.g.*, *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, at *4 (S.D. Fla. July 31, 2009) (Cohn, J.). To the extent that the City

later wishes to add additional affirmative defenses, it will have to move for leave to amend and "it will ultimately be for the Court to decide whether to grant leave," consistent with the Federal Rules.[1]  *See Merrill Lynch Bus. Fin. Servs., Inc. v. Perf. Mach. Sys. U.S.A., Inc.*, 2005 WL 975773, at *12 (S.D. Fla. Mar. 4, 2005) (Klein, J.).  As the reservation of rights clause is of no effect, the Court will exercise its discretion to remove it from this case.  *See Gonzalez*, 2009 WL 2391233, at *4.

Accordingly, for the reasons explained herein, it is **ORDERED and ADJUDGED** that ARC's Motion to Strike Affirmative Defenses [ECF No. 14] is **GRANTED** as to affirmative defense 30, which is hereby **STRICKEN**.  The Motion to Strike is **DENIED** as to affirmative defenses 3, 8, 13, 14, 15, and 26.  The City is given leave to amend affirmative defense 26, as specified above.  The Motion is **DENIED AS MOOT** as to affirmative defenses 1, 2, 4, 7, 19, and 27, which have been withdrawn by the City, and as to defenses 5, 6, 12, 24, and 25, because ARC is no longer challenging them.

The City shall file an amended pleading removing the withdrawn and stricken defenses, and re-pleading affirmative defense 26, **by December 21, 2012**.  The Court also notes, *sua sponte*, that the parties' Joint Report is overdue.  The parties must meet-and-confer forthwith, as required by this Court's Initial Order [ECF No. 5], and shall file their Joint Report **no later than December 28, 2012**.  Thereafter, the Court will promptly enter an appropriate Scheduling Order for this matter.

**DONE and ORDERED** in chambers, at Miami, Florida, on December 5, 2012.

**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*

---

[1] Of course, this fact cuts both ways.  Because it remains true that a defendant will have to seek leave to amend regardless of whether or not the reservation of rights clause is included among the affirmative defenses, a "motion to strike the reservation is [arguably] unnecessary and serves only to waste this Court's limited resources."  *See, e.g., Centex Homes v. Mr. Stucco, Inc.*, 2008 WL 793587, at *2 (M.D. Fla. Mar. 25, 2008) (Whittemore, J.).